IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LEMARCUS HOUSTON,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-657-O** |
| | § | **(NO. 4:24-CR-167-O)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Lemarcus Houston under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On July 17, 2024, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. § 846. CR ECF No.[1] 13. On September 10, 2024, he was named in a superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No. 22. He entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by the superseding information and the government agreed not to bring any additional charges against

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-CR-167-O.

him based on the conduct underlying and related to the plea and to dismiss any remaining counts against him after sentencing. CR ECF No. 27. The plea agreement also set forth: the penalties Movant faced, including imprisonment for not more than 20 years; the Court's sentencing discretion and Movant's understanding that no one could predict the Court's consideration of the guidelines; that he would not be allowed to withdraw his plea if the sentence was higher than expected; that the plea was freely and voluntarily made and not the result of force, threats, or promises; that he waived his right to appeal or otherwise challenge the sentence except in certain limited circumstances; Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with the legal representation he received; and, because he was guilty, Movant had concluded that it was in his best interest to enter into the plea agreement. *Id.* Movant also signed a factual resume, which set forth the penalties he faced, the elements of the offense charged by the superseding information, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 26.

On September 18, 2024, Movant appeared in open court and testified under oath at arraignment on the superseding information that: he understood that he should never depend or rely on any statement or promise as to what sentence he would receive; he and counsel had discussed how the guidelines might apply; he had received a copy of the superseding information and understood the nature of the charge; he understood the essential elements and admitted that he committed all of them; he was fully satisfied with the representation and advice he received from counsel; he signed the plea agreement; he understood it before he signed it; he understood the paragraph concerning waiver of appeal and discussed it with counsel; he knowingly and voluntarily waived his right to appeal as set forth in that paragraph; he freely and voluntarily

entered into the plea agreement; no one had made any promise or assurance of any kind to induce him to plead guilty; he understood that his punishment would be somewhere in the range of punishment provided by statute; he understood that he faced not more than 20 years' imprisonment; he understood that if the sentence was more severe than he expected, he could not withdraw his plea; he had no questions for the Court or his attorney; he signed the factual resume; he read and understood the factual resume before signing it; and, all of the facts stated in the factual resume were true and correct. CR ECF No. 65.

The probation officer prepared the presentence report and two addenda (collectively, the "PSR"), which reflected that Movant's base offense level was 36. He received two-level increases for possession of a dangerous weapon and maintenance of a drug premises. He received a two-level and a one-level reduction for acceptance of responsibility. His guideline imprisonment range was 210 to 262 months; however, the statutorily-authorized maximum sentence was 20 years, so the guideline range became 210 to 240 months. CR ECF No. 42-1.

The Court sentenced Movant to a term of imprisonment of 188 months, a below-guidelines sentence. CR ECF No. 53. He appealed. CR ECF No. 56. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Houston*, No. 25-10307, 2025 WL 3270633 (5th Cir. Nov. 24, 2025).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion, worded as follows:

Ground One: insufficient evidence to support dangerous weapon.

Ground Two: sentencing court failed to make individualized or specific factual findings.

Ground Three: guideline calculation errors regarding methamphetamine purity and mixture.

Ground Four: ineffective assistance of counsel.

ECF No.[2] 1. In his memorandum, he additionally asserts as a fifth ground that the cumulative effect of these errors entitles him to relief. ECF No. 2 at 2.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

**IV. ANALYSIS**

Movant's first three grounds, regarding the calculation of his sentence, should have been raised on appeal and are now defaulted. *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). Moreover, Movant waived his right to pursue them and they do not fall within the exceptions to his waiver of right to appeal or collaterally attack the judgment. CR ECF No. 27,

¶ 10. The waiver was knowing and voluntary, CR ECF No. 65 at 54–55, and is enforceable. *United States v. Barnes*, 953 F.3d 383, 386 (5th Cir. 2020); *United States v. White*, 307 F.3d 336, 343–44 (5th Cir. 2002). Guideline errors are not properly raised in a § 2255 motion in any event. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Moreover, these alleged errors are not of the type described by the United States Supreme Court as giving rise to a miscarriage of justice. *See Hunter v. United States*, 608 U.S. __, 146 S. Ct. 1702 (2026) (waiver is unenforceable when it would leave in place egregious error that would bring judicial system into disrepute such as a sentence above the statutory maximum or based on consideration of a constitutionally impermissible factor like race).

Movant next alleges that he received ineffective assistance because his counsel failed to: investigate and obtain exculpatory and security video evidence and testimony from the storage unit owner where the weapon used for enhancement was found; adequately advise Movant regarding the impact of the weapon enhancement; file a motion to allow Movant to withdraw his plea; and seek additional drug testing that could have impacted his guideline range. ECF No. 1 at 8, 18–19. None of these allegations has any merit.

One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant offers no independent evidence to support the allegation that exculpatory evidence could have been obtained from surveillance footage of the storage unit or from the storage unit owner. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (bald assertions, unsupported and unsupportable by anything else in the record, are not of

probative evidentiary value). Even assuming such evidence could have been obtained, however, Movant cannot show that it would have altered the outcome. As the PSR reflects, Movant had possession of the storage unit by access code and key and the unit contained his personal items. CR ECF No. 34-1. Counsel vigorously contested the weapon enhancement, both before and at sentencing. *See* CR ECF Nos. 38, 45, 51, and 64 at 4–8. The Court overruled the objections for the reasons stated by the probation officer in the supplemental reports to the PSR. CR ECF No. 64 at 5; CR ECF No. 42-1 (reflecting that the weapon was found in the storage unit in close proximity to distributable amounts of methamphetamine and fentanyl). That counsel did not prevail is not indicative of ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

Movant can only speculate as to what might have been done with regard to additional drug testing.[3] He cannot show that any investigation or testing would have made any difference. The PSR simply reflects that Movant was held responsible for 56,666 kilograms of converted drug weight. CR ECF No. 34-1, ¶ 31. Movant admits that the PSR attributed methamphetamine (mixture) to him, as opposed to methamphetamine (actual). ECF No. 1 at 14.[4] As noted, Movant received a below-guideline sentence. His conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282.

To the extent Movant alleges that counsel failed to adequately advise him with regard to the consequences of the firearm enhancement, as recited above, the record reflects that Movant clearly understood the penalties he faced.[5] The failure of counsel to accurately predict his sentence

---

[3] As the government notes, the drugs had been submitted for testing. CR ECF No. 34-1, ¶ 24. Movant had wired money to Sonora, Mexico, *id.* ¶ 14, and was obtaining bulk quantities of fentanyl from Mexico. *Id.* ¶ 15.

[4] The page number reference to the motion is to "Page 14 of 24" reflected at the top right portion of the document on the Court's electronic filing system.

[5] In fact, the record establishes that Movant's plea was knowing, voluntary, and intelligent and he does not claim otherwise. Thus, he waived all nonjurisdictional defects in the proceedings, including ineffective assistance of counsel with regard to pre-plea matters. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Even if the Court

or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g.*, *United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary).

Finally, Movant alleges that counsel rendered ineffective assistance in failing to file a motion to allow Movant to withdraw his guilty plea after he learned of the weapon enhancement. He admits that counsel advised him he would be jeopardizing acceptance of responsibility if he filed such a motion. ECF No. 1 at 19. Counsel was correct. A defendant has no absolute right to withdraw a guilty plea prior to imposition of sentence. *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009); *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). Rather, he must demonstrate "a fair and just reason" for withdrawing the plea. *United States v. McKnight*, 570 F.3d 641, 645–46 (5th Cir. 2009). In determining whether to allow withdrawal of a plea, the Court considers: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice by the withdrawal; (3) whether the defendant delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available at the time of the guilty plea; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *Carr*, 740 F.2d at 343–44. The burden at all times rests on the defendant to establish a fair and just reason. *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991). Here, as the government notes,

were to infer a contention that the plea was not knowing and voluntary, Movant does not contend, and has made no attempt to show, that he would not have pled guilty and insisted on going to trial but for counsel's alleged errors. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

none of the factors would have favored Movant. ECF No. 11 at 21–22. A motion to withdraw his plea would have been frivolous.

In sum, mere failure to comply with Movant's requests does not amount to ineffective assistance of counsel. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (failure to present meritless claims is not ineffective lawyering); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (same). *See also Sharp v. Puckett*, 930 F.2d 450, 452 (5th Cir. 1991) (counsel is not ineffective merely because he fails to raise issues requested by defendant).

As Movant has not shown any errors, there are none to cumulate and his fifth ground likewise fails.

Finally, in his reply, Movant states that the government has not established that he suffered no prejudice. ECF No. 12 at 4. The burden, however, is on Movant to establish his right to relief. *See Strickland*, 466 U.S. at 687 (movant must show both that counsel's performance was deficient and that he was prejudiced); *Frady*, 456 U.S. at 166 (to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal). He has not done so.

**V. CONCLUSION**

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **23rd** day of **September 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE